1 | Daniel M. Shanley, WSBA #41243
  | dshanley@deconsel.com
2 | DeCARLO, CONNOR & SHANLEY
  | A Professional Corporation
3 | 533 South Fremont Avenue, Ninth Floor
  | Los Angeles, California 90071-1706
4 | Telephone: (213)488-4100

5 | Attorneys for Plaintiffs UNITED
  | BROTHERHOOD OF CARPENTERS
6 | AND JOINERS OF AMERICA;
  | BUTCH PARKER; SCOTT FLANNERY;
7 | WILLIAM CRAWFORD; and
  | TRUMAN JORDAN

8

9 | **UNITED STATES DISTRICT COURT**

10 | **EASTERN DISTRICT OF WASHINGTON**

11 | UNITED BROTHERHOOD OF    ) CASE NO. CV-11-5159-RMP
   | CARPENTERS AND JOINERS OF )
12 | AMERICA, BUTCH PARKER,    ) COMPLAINT
   | SCOTT FLANNERY, WILLIAM   )
13 | CRAWFORD, and TRUMAN      )
   | JORDAN,                   )
14 |                           ) Demand for Jury Trial
   |          Plaintiffs,      )
15 |                           )
   |       -against-           )
16 |                           )
   | METAL TRADES DEPARTMENT,  )
17 | AFL-CIO; and HANFORD ATOMIC)
   | METAL TRADES COUNCIL,     )
18 |                           )
   |          Defendants.      )
19 | _____  )

20

21 | Plaintiffs, by their attorneys DeCarlo, Connor & Shanley, a Professional

22 | Corporation, as and for their Complaint, hereby allege as follows:

23 | **INTRODUCTION**

24 | 1. For reasons that are arbitrary, discriminatory and in bad faith,

25 | Defendant Metal Trades Department, AFL-CIO ("Metal Trades"), and its affiliated

26 | Councils, including Defendant Hanford Atomic Metal Trades Council

27 | ("HAMTC"), have violated their federal court created common law duty of fair

28 | representation owed by these unions to their bargaining unit members here locally

1  and at virtually every other Metal Trades Council around the country.

2      2.     Plaintiff United Brotherhood of Carpenters and Joiners of America

3  ("UBC") brings this action on behalf of all of its affected members, whose

4  numbers run into the hundreds.  The individually named Plaintiffs, Butch Parker

5  and Scott Flannery, William Crawford and Truman Jordan bring this action on

6  behalf of themselves because their employment has been negatively, substantially

7  and adversely affected, including job loss.

8      3.     As set forth in detail below, Defendants engaged in conduct based on

9  arbitrary, discriminatory and bad faith reasons – which the Metal Trades'

10  President, Ron Ault, openly admitted in an internal Memo.  ("Admissions Memo",

11  attached as Exhibit "1" hereto).  Ault admitted in the Memo and admitted at the

12  Metal Trades' convention that was held on or about November 2 & 3, 2011, that

13  the Metal Trades changed its policies and took actions against UBC bargaining

14  unit members for reasons that had nothing to do with the Metal Trades.  For the

15  Metal Trades and its affiliated Councils, including the HAMTC, to take any action

16  for reasons unrelated to the legitimate interests of the Metal Trades violates its

17  Duty of Fair Representation owed to its bargaining unit members.

18      4.     Defendants' conduct, includes, but is not limited to, removing

19  stewards, forcing Plaintiffs' members to join and pay dues to other unions in order

20  to keep their jobs, and refusing to refer Plaintiffs' members for employment.  Such

21  conduct has substantially and adversely impacting matters affecting employment,

22  including the resulting loss of jobs and employment.

23      5.     The reasons the Union Defendants changed its policies and took these

24  actions had nothing to do with issues involving or related to the Metal Trades.

25  According to the Defendant Metal Trades, the catalyst for its change in policies

26  and subsequent conduct with respect to Plaintiffs was ***intra-union and extra-unit***

27  ***disputes*** between the UBC and non-Metal Trades' unions.

28  / / /

6.     By taking job-related actions based on a change in policies against the Plaintiffs based on arbitrary, discriminatory and bad faith reasons, because of issues involving non-Metal Trades unions and non-Metal Trades bargaining units, Defendants violated its Duty of Fair Representation.

## JURISDICTION AND VENUE

7.     Subject matter jurisdiction is proper with this court under 28 U.S.C. § 1331 (federal question), § 1337 (commerce jurisdiction).

8.     Personal jurisdiction and venue in this District are proper pursuant to 28 U.S.C. § 1391(b) because (1) Defendant HATMC is located and does business in this District, (2) Defendants Metal Trades and HATMC committed and/or directed the Acts alleged herein in this District, and/or (3) the ends of justice require that those of the Defendants residing outside this District be brought before the Court to answer for their conduct.

9.     Plaintiffs' claims arise under the laws of the United States, to wit, the federal court created common law duty of fair representation. *See, e.g., Vaca v. Sipes*, 386 U.S. 171, 177 (1967).

## PARTIES

10.     Plaintiff UBC is an unincorporated voluntary association and a labor organization as that term is defined in 29 U.S.C. § 152(5).  One of the UBC's missions and purposes is to protect and represent workers throughout North America.  It has approximately 500,000 members, including the hundreds that it and the Defendant Metal Trades represent.  The UBC is engaged in an industry affecting commerce, within the meaning of 29 U.S.C. § 142(3).

11.     The UBC is bringing this action on behalf of itself and the many hundreds of its members and workers who work on non-Federal Labor Relations Authority governed establishments and facilities.  The UBC members have standing in their own right based on the illegal conduct taken against them by the Defendant Metal Trades which has resulted in substantial job-related injury and

damage.  The interests the UBC seeks to protect on behalf of its members are germane to the purpose of the UBC – which is to protect and represent workers. In representing its members, the UBC has the authority to enter binding agreements.  Neither the claims asserted nor the relief requested requires the participation of the individual members, whose numbers run into the many hundreds (something admitted by the Metal Trades in its "Admissions Memo"). The UBC has also suffered injury directly to its own interests and property.  The Defendants conduct has caused both a diversion of UBC resources and a frustration of its mission protecting and representing its members.

12.    Plaintiff Butch Parker is a member of the UBC and the Defendants, and a steward until he was improperly removed by the Defendants.

13.    Plaintiff Scott Flannery is a member of the UBC and the Defendants, and a steward until he was improperly removed by the Defendants.

14.    Plaintiff William Clayton Crawford is a member of the UBC and the Metal Trades Department, and a steward until he was improperly removed by the Defendant Metal Trades.

15.    Plaintiff Truman Jordan is a member of the UBC and the Metal Trades Department, and a steward until he was improperly removed by the Defendant Metal Trades.

16.    Defendant Metal Trades is an unincorporated voluntary association and a labor organization as that term is defined in 29 U.S.C. § 152(5).  Defendant Metal Trades represents the Plaintiffs in an industry affecting commerce, within the meaning of 29 U.S.C. § 142(3).  Defendant Metal Trades is headquartered in Washington, D.C. and represents members all over the country, including within this judicial district.  In engaging in the conduct alleged below, the Defendant Metal Trades instigated, supported, ratified, encouraged, mandated and/or directed, its subordinate bodies, including the HAMTC, to do the things alleged, and/or the things done by its agents were in accordance with their fundamental

COMPLAINT                                    4                                    CASE NO.

1    agreement of association.

2    17.    Defendant HAMTC is located in Richland, Washington, and is an

3    affiliate of the Metal Trades and is an unincorporated voluntary association and

4    labor organization as defined in 29 U.S.C. § 152(5).  Defendant HAMTC is

5    headquatertered within this judicial district and also represents the Plaintiffs in an

6    industry affecting commerce, within the meaning of 29 U.S.C. § 142(3).

7    18.    The following Metal Trades' subordinate council bodies from across

8    the country are non-party participants and have been controlled and directed by the

9    Metal Trades under threats of supervision, to take against, and have taken action

10   against, the Plaintiffs, in violation of the Duty of Fair Representation owed to the

11   UBC members.  They include, but are not limited to, Albuquerque Metal Trades

12   Council; Amarillo Metal Trades Council; Bay Cities Metal Trades Council;

13   Eastern Idaho Metal Trades Council; Houston Metal Trades Council; Indian Wells

14   Valley Metal Trades Council; Lake Charles Metal Trades Council; New London

15   Metal Trades Council; New Orleans Metal Trades Council; Oak Ridge Atomic

16   Trades and Labor Council; Pacific Coast Metal Trades Council; Pascagula Metal

17   Trades Council; Philadelphia Metal Trades Council; Portland Metal Trades

18   Council; Portsmouth Metal Trades Council; Puget Sound Metal Trades Council;

19   and Texas City Metal Trades Council.

20   19.    Each of these Metal Trades Council affiliates are unincorporated

21   voluntary associations and labor organizations as that term is defined in 29 U.S.C.

22   § 152(5).  Each also represents the Plaintiffs in an industry affecting commerce,

23   within the meaning of 29 U.S.C. § 142(3).

24   20.    The conduct which forms the basis of Plaintiffs' claims for damages

25   occurred within the applicable statute of limitations.

26   21.    Currently, there are no internal union remedies to exhaust before

27   filing this action.  However, to the extent that there exists any obligation by the

28   Plaintiffs to exhaust any internal union remedies for any of the conduct alleged

herein is excused because (1) none have been identified by the Defendants despite a request and/or (2) such actions would be futile because of the conduct listed in the Admissions memo shows that the Defendants have abdicated their duties.

### CLAIM FOR RELIEF BY PLAINTIFFS AGAINST DEFENDANTS FOR BREACH OF THE DUTY OF FAIR REPRESENTATION

22.     Plaintiffs re-allege and incorporate by this reference each of the allegations set forth above.

23.     A union has a "statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).  This duty is court-created and governs all non-Federal Labor Relations Authority regulated unions and bargaining units.

24.     A union breaches its duty of fair representation when its actions are arbitrary, discriminatory or in bad faith.  "[T]he duty of fair representation [is] breached where the union's conduct was motivated by an employee's lack of union membership, strifes resulting from **intraunion politics**."  *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 78 (1989).

25.     Defendant Metal Trades is a bargaining unit representative for hundreds of Plaintiff UBC's members, including the individually named Plaintiffs, involving numerous employer relationships from around the country.  For instance, such relationships exist in states, including but not limited to, Washington, Oregon, Idaho, California, New Mexico, Louisiana, Texas, Mississippi, Connecticut.  As such, it owes a duty of fair representation to UBC members.

26.     Plaintiff UBC's members, including the individually named Plaintiffs, are also Metal Trades' bargaining unit members.  Individual Plaintiffs Butch Parker and Scott Flannery are also members of the HAMTC bargaining unit.

/ / /

27.    Defendant Metal Trades has created a database or has compiled reports from its affiliates and agents describing the various bargaining units and the hundreds of UBC members it represents.

28.    Defendants have violated their duty of fair representation towards the Plaintiffs by changing its policies and conduct that is arbitrary, discriminatory and/or in bad faith.

29.    Defendants' unlawful conduct towards the Plaintiffs includes, but is not limited to: (a) threatening, expelling and/or removing UBC member stewards from their jobs and whose substantial job duties included policing agreements with employers and grieving violations that affected represented members; (b) intentionally depriving UBC members of representatives of their own choosing in connection with their employment; (c) threatening, forcing and/or directing UBC members – under compulsion of forced termination and/or removal from their substantial job-related positions – to resign their membership with the UBC and/or join other unions in order to retain their jobs and/or obtain representation; (d) refusing to respond to UBC members' requests for or access to information related to the bargaining unit; and/or (e) refusing UBC members a say at meetings or on the job concerning contract negotiations, strategies, grievances, disputes and/or other bargaining unit related issues.

30.    In changing their policies and taking these actions against their bargaining unit members, who are also UBC members, Defendants totally abdicated their fiduciary responsibilities under federal law as a "representative" of the bargaining unit members.

31.    Defendants took these actions against the Plaintiffs, not for any valid, legitimate, or rational reason, or for non-discriminatory, consistently applied or job-related reasons.  Defendants changed its policies and took these adverse job related actions for reasons that are arbitrary, discriminatory and/or in bad faith.

/ / /

COMPLAINT

7

CASE NO.

32.     Defendant Metal Trades' President, Ron Ault, candidly admits that there is no legitimate, rational, legitimate, non-discriminatory reason to take any of these adverse employment-related actions against the Plaintiffs.  He admits that "these Carpenters locals have been productive, active participants in our Metal Trades Councils, respecting the rights of the other Council affiliates in jurisdiction and supporting them in other matters."

33.     Defendants changed its policies and took these actions to satisfy non-Metal Trades complaints.  In other words, Defendants took these actions because other unions in other crafts and trades involving non-Metal Trades' bargaining units had a problem with the UBC.

34.     Ault and the Metal Trades' General Counsel, Robert Matisoff, an attorney with O'Donohue & O'Donohue, a law firm located in Washington D.C., admitted at the Metal Trades' convention recently held in Las Vegas that the Metal Trades changed its policies and took the actions against the Plaintiffs to satisfy non-Metal Trades' issues and complaints.

35.     Defendant Metal Trades' President Ault also explained in the Memo he wrote that: "the Building Trades General Presidents have authorized a campaign to *push back* against the Carpenters."  ("Admissions Memo", Exhibit "1" hereto.)  Ault explained that the Metal Trades thus changed its policies and took action "*because of* on-going problems between the Carpenters and the Building Trades *in other units and in other locations* . . ." (*Id*.)  These actions were taken for reasons unrelated to the interests of the Plaintiffs or the Metal Trades as a fiduciary bargaining representative of the Plaintiffs.

36.     Defendants recognized that their actions were unlawful.  They knew they should not change their policies and take any actions against the Plaintiffs because such actions are "**improperly motivated** by *extra-unit* considerations (that is, resulting from disputes with *Building* Trades unions in other places), rather than because of any action the Carpenters locals have taken against the

Metal Trades Department or its Councils." (Italics in original; emphasis added.)

37.    www.respectourcrafts.comAs admitted by Defendant Metal Trades' President, the change in policies and actions taken, and continue to be taken, against the Plaintiffs is because of ***intra-union and extra-unit political and jurisdictional disputes between some unnamed Building Trades unions and the UBC which involve non-Metal Trades' issues and non-Metal Trades' bargaining units.*** Defendants' conduct is thus arbitrary, discriminatory and in bad faith, and unlawful.

38.    The Plaintiffs are not basing this lawsuit on a claim or allegation that the terms of any Solidarity Agreements between the Metal Trades and the UBC was breached. The Plaintiffs' claims do not arise under, and are not based on, the terms of any Solidarity Agreement. There is no dispute over the application or interpretation of any Solidarity Agreements, whose terms expired on or about July 31, 2011.

39.    Rather the Plaintiffs bring this lawsuit based on external laws and rights which exist independently of any Solidarity Agreement. These external laws, and independent rights, demonstrate that Defendants' conduct was unlawful.

40.    As part of their actions, the Metal Trades' President has repeatedly threatened any non-cooperating affiliate, including but not limited to HAMTC, with immediate supervision and removal of officers if they refuse to follow or implement his directives. The Metal Trades' President has directed its affiliates, including but not limited to HAMTC, that all issues, questions and actions involving the Plaintiffs will be directed and handled out of his office. Therefore, the Metal Trades is responsible for all of its affiliates' conduct, including the HAMTC.

41.    Defendants' breach of their Duty of Fair Representation has substantially impacted the Plaintiffs' relationships with employers. Defendants' breach of their Duty of Fair Representation has adversely impacted matters

affecting Plaintiffs' employment, including, but not limited to, removing Plaintiffs as stewards from jobs, refusing Plaintiffs attendance and participation in job-related meetings, preventing Plaintiffs from receiving information about their jobs, contracts, grievances and/or negotiations, instructing employers to refuse to deal with Plaintiffs, directing and instructing representatives to negotiate or attempt to negotiate agreements removing any rights Plaintiffs have, including, *inter alia*, the right to select UBC stewards, the right of UBC members to be dispatched to jobs, the right of Plaintiffs to file, pursue and handle grievances for UBC members.

42.     Defendants' breach of their Duty of Fair Representation has also adversely impacted matters affecting the Plaintiffs' employment, including but not limited to, directing or forcing, or attempting to direct or force, members to pay dues to other unions rather than the UBC under threat of removal from their jobs and/or employment.

43.     Defendants' breach of their Duty of Fair Representation has directly targeted the Plaintiffs and proximately caused Plaintiffs damages, including, but not limited to, loss of jobs, work assignments, administrative time, resources, fees and expenses, and loss of other rights.

44.     Plaintiffs are entitled to damages in an amount proven at trial and to injunctive relief fully restoring the Plaintiffs' rights and prohibiting the Metal Trades, HAMTC, or anyone else involved from interfering with such rights in any way in the future.

WHEREFORE, the Plaintiffs respectfully requests that this Court:

1.     Grant the Plaintiffs judgment for damages and pre-judgment interest according to proof at trial;

2.     Grant the Plaintiffs punitive damages according to proof at trial;

3.     Grant the Plaintiffs their costs, disbursements and reasonable attorneys' fees.

/ / /

1    4.    Enter a declaratory judgment that the Defendants' conduct

2  complained of herein has violated the law;

3    5.    Grant the Plaintiffs a preliminary and permanent injunction enjoining

4  the Defendants, and their officers, agents, successors, employees, affiliated

5  Councils, and all others acting in concert with any of them, from engaging in any

6  further conduct that violates the Defendants' Duty of Fair Representation towards

7  the Plaintiffs.

8    6.    Order the Defendants to restore all rights and privileges of the

9  Plaintiffs, including but not limited to, rescinding the Defendants' change of

10  policies, including but not limited to revocation of the Solidarity Agreements, and

11  restoring Plaintiffs to their prior positions with all attendant rights and

12  responsibilities; and

13    7.    Grant such other relief as the Court may deem just and equitable.

14                      **REQUEST FOR TRIAL BY JURY**

15    Plaintiffs hereby request a trial by jury as to all Claims for Relief asserted in

16  this Complaint.

17  DATE:  November 29, 2011          DeCARLO, CONNOR & SHANLEY
                                      A Professional Corporation
18

19                          By:    */s/ Daniel M. Shanley*
                                    Daniel M. Shanley, WSBA #41243
20                                  Attorneys for Plaintiffs UNITED
                                    BROTHERHOOD OF CARPENTERS
21                                  AND JOINERS OF AMERICA; BUTCH
                                    PARKER; SCOTT FLANNERY;
22                                  WILLIAM CRAWFORD; and TRUMAN
                                    JORDAN
23                                  Daniel M. Shanley, Esq., WSBA #41243
                                    E-Mail:  dshanley@deconsel.com
24
                                    DeCARLO, CONNOR & SHANLEY
25                                  A Professional Corporation
                                    533 South Fremont Avenue
26                                  Los Angeles, California  90071-1706
                                    Phone:  213.488.4100
27                                  Fax:    213.488.4180

28

COMPLAINT                          11                          CASE NO.