1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                 EASTERN DISTRICT OF WASHINGTON

7   UNITED BROTHERHOOD OF
    CARPENTERS AND JOINERS OF          NO:  11-CV-5159-TOR
8   AMERICA, BUTCH PARKER,
    SCOTT FLANNERY, WILLIAM            ORDER GRANTING DEFENDANTS'
9   CRAWFORD, and TRUMAN               MOTION TO DISMISS AND
    JORDAN,                            GRANTING LEAVE TO AMEND
                                       COMPLAINT
10
                        Plaintiffs,
11
          v.
12
    METAL TRADES DEPARTMENT,
13  AFL-CIO; and HANFORD ATOMIC
    METAL TRADES COUNCIL,
14
                        Defendants.
15

16        BEFORE THE COURT is Defendants' Motion to Dismiss for Failure to

17  State a Claim.  ECF No. 11.  This matter was heard with oral argument on August

18  8, 2012.  Daniel M. Shanley and C. Matthew Anderson appeared on behalf of the

19  Plaintiff.  Brian A. Powers and Kristina M. Detwiler appeared on behalf of

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 1

Defendants.  The Court has reviewed the motion, the response, and the reply, and is fully informed.

## BACKGROUND

Plaintiffs allege Defendant unions violated their federal common law duty of fair representation to their bargaining unit members by acting in an arbitrary, discriminatory, and bad faith manner, which substantially impacted their relationship with their employers.  Presently before the Court is Defendants' Motion to Dismiss the complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

## FACTS

The four individually named Plaintiffs are members of the United Brotherhood of Carpenters and Joiners of America ("UBC")(together "Plaintiffs"). ECF No. 1 at ¶ 2.  The Plaintiffs are part of the bargaining unit for which Defendants Metal Trades Department ("MTD") and Hanford Atomic Metal Trades Council ("HAMTC") (together "Defendants") are the exclusive bargaining representatives.  ECF No. 1 at ¶ 25-26.  Plaintiffs allege that Defendants violated their duty of fair representation by "changing its policies" because "other unions in other crafts and trades involving non-Metal trades bargaining units had a problem

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 2

with the UBC."[1]  ECF No. 1 at ¶ 33-34.  Further, Plaintiffs allege that Defendants'

breach of duty of fair representation substantially impacted Plaintiffs' relationships

with their employers, and resulted in the following job-related injuries:

- General "job loss" ¶ 2, 43

- Forcing Plaintiffs to pay dues to other unions to keep their jobs ¶ 4, 29, 42

- Refusing to refer Plaintiffs for employment ¶ 4

- "[T]hreatening, expelling and /or removing UBC member stewards from
  their jobs and whose substantial job duties included policing agreements
  with employers and grieving violations that affected represented members"
  ¶ 29, 41

---

[1] In their responsive briefing, Plaintiffs contend that Defendants "changed their

policies" because they were angry that Plaintiffs maintained separate union

allegiance and refused to pay dues to the Building and Construction Trades

Department for "unwanted and fictitious services."  ECF No. 25 at 4-5.  This

specific allegation is not pled in the complaint.  Instead, the complaint generally

alleges that the change in policy and actions taken against the Plaintiffs was "to

satisfy non-Metal Trades' issues and complaints," because "non-Metal Trades'

bargaining units had a problem with the UBC."  ECF No. 1 at 8.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 3

- Depriving UBC members of "representatives of their own choosing in connection with their employment" ¶ 29

- Refusing to respond to UBC members' requests for information "related to the bargaining unit" ¶ 29

- Refusing Plaintiffs "a say" at "job-related" meetings "concerning contract negotiations, strategies, grievances, disputes and/or other bargaining unit related issues" ¶ 29, 41

- Instructing employers to refuse to deal with Plaintiffs ¶ 41

ECF No. 1 at ¶ 2, 4, 29, 41-43.

Plaintiffs specifically disavow any reliance upon a Solidarity Agreement ("Agreement") between the UBC and the MTD as a basis for their complaint. ECF No. 1 at ¶ 38-39. Defendants insist that the allegations by the Plaintiffs are based solely on the termination of the Agreement, [2] which does not implicate the duty of

---

[2] Defendants support this argument by pointing out that despite Plaintiffs' express denial of any reliance on the Solidarity Agreement, their complaint asks the Court to "restore all rights and privileges of the Plaintiffs, including but not limited to, rescinding Defendants' change of policies, including but not limited to the revocation of the Solidarity Agreements, and restoring Plaintiffs to their prior positions with all attendant rights and responsibilities." ECF No. 1 at 11.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 4

fair representation because it was an internal union matter.  ECF No. 12 at 10-12.

The Agreement was a contract between the UBC and the MTD that allowed the

UBC to affiliate with the MTD and the HAMTC, despite UBC's disaffiliation from

the AFL-CIO.  ECF No. 12 at 4-5.  It granted the UBC certain rights, such as

appointing stewards and the right to participate in the affairs of the MTD and

HAMTC.  ECF No. 12 at 5.  Either party could terminate the Agreement with 60

days written notice.  *Id*.  The MTD revoked the Agreement around July 31, 2011.

*Id.*

## DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

"tests the legal sufficiency of a [plaintiff's] claim."  *Navarro v. Block*, 250 F.3d

729, 732 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure 8(a)(2), a

pleading must contain a "short and plain statement showing that the pleader is

entitled to relief."  Fed R. Civ. P. 8(a)(2).  This pleading standard "does not require

'detailed factual allegations', but it demands more than the unadorned, the-

defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal citations omitted).  A complaint which offers mere "labels and

conclusions" or which merely pleads a "formulaic recitation of the elements of a

cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007);  *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the

purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

Thus, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts which, when taken as true, state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## I.    Standing of UBC

The duty of fair representation extends only to employees in the bargaining unit. *See Karo v. San Diego Symphony Orchestra Ass'n*, 762 F.2d 819, 821 (9th Cir. 1985). Therefore, while UBC as an entity is not owed a duty of fair representation,[3] it may have standing to bring a duty of fair representation claim on behalf of its members who are employees in the bargaining unit. *See e.g., Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). Specifically, under the *Hunt* case,

> an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the

_____

[3] At oral argument, Plaintiffs confirmed that UBC was not alleging a breach of duty of fair representation claim on behalf of itself.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 6

1  interests it seeks to protect are germane to the organization's purpose; and
2  (c) neither the claim asserted nor the relief requested requires the
participation of individual members in the lawsuit.

3  *Id.*; *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*,

4  517 U.S. 544, 553 (1996) (elaborating on *Hunt* test and holding union fulfilled

5  third prong of standing test when act of Congress granted unions authority to sue

6  for damages because the third prong of the test is prudential, and "best seen as

7  focusing on matters of administrative convenience and efficiency, not elements of

8  the case or controversy").

9      Defendants argue that Plaintiffs cannot satisfy the third prong of

10  associational standing in *Hunt* as to their claims for monetary damages, because

11  the relief requested would require the participation of individual members.  ECF

12  No. 28 at 5.  Plaintiffs respond categorically that UBC has associational standing to

13  bring suit on behalf of its members.  ECF No. 25 at 8-9.  However, Plaintiffs

14  cannot provide any factual or legal support for their assertion that the monetary

15  claims in this case could proceed without the participation of individual members.

16      Plaintiffs' complaint merely recites the third prong of the *Hunt* test verbatim.

17  This "formulaic recitation of the elements" of associational standing is not enough

18  to survive a motion to dismiss for failure to state a claim.  *Twombly*, 550 U.S. at

19  555.  Moreover, the Supreme Court has noted that "[t]he appropriate remedy for a

20  union's breach of the duty of fair representation must vary with the particular

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 7

circumstances of the breach." *Vaca v. Sipes*, 386 U.S. 171, 195 (1967); *see also Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 52 (1979) (holding that punitive damages could not be assessed against union that breaches duty of fair representation by failing to properly pursue a grievance). The claims for monetary damages sought by the Plaintiffs, including punitive damages, would unquestionably require individual participation from each member for a duty of fair representation claim to proceed. ECF No. 1 at 10.

The Court finds that Plaintiffs fail to sufficiently plead that UBC has associational standing to assert claims for monetary damages on behalf of its members. All claims by UBC on behalf of its members for monetary damages, including punitive damages, are dismissed. Plaintiffs do have associational standing to bring claims for injunctive and declaratory relief because these claims do not require the participation of individual members. Also, a named Plaintiff may bring a claim for individual monetary damages.

## II.    Duty of Fair Representation

Under the National Labor Relations Act ("NLRA"), a union selected by the majority of the employees in a bargaining unit is empowered to act as the exclusive bargaining agent for that bargaining unit. 29 U.S.C. § 159(a). Furthermore, "[t]he undoubted broad authority of the union as exclusive bargaining agent in the negotiation and administration of a collective bargaining contract is accompanied

by a responsibility of equal scope, the responsibility and duty of fair

representation." *Humphrey v. Moore*, 375 U.S. 335, 342 (1964).  This judicially

created duty of fair representation is breached when a union's actions toward a

member of the bargaining unit are arbitrary, discriminatory, or in bad faith.  *Vaca*,

386 U.S. at 190 (duty of fair representation stands "as a bulwark to prevent

arbitrary union conduct against individuals stripped of traditional forms of redress

by the provisions of federal labor law"); *see also Air Line Pilots Ass'n, Inter. v.

O'Neill*, 499 U.S. 65, 74 (1991) (analogizing the duty of fair representation to the

duty owed by fiduciaries to beneficiaries).

A union's duty of fair representation arises when it is acting under authority

granted by statute or a collective bargaining agreement.  *See Simo v. Union of

Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 613 (9th Cir. 2003);

*see also Breininger v. Sheet Metal Workers Intern. Ass'n Local Union No.* 6, 493

U.S. 67, 88 (1989) (holding union's operation of a hiring hall was subject to the

duty of fair representation, and noting "[t]he key is that the union is administering

a provision of the contract, something that we have always held is subject to the

duty of fair representation.").  In other words, the duty of fair representation is

implicated only when the union is acting in its prescribed role as exclusive

bargaining representative in the process of collective bargaining.  *Simo*, 322 F.3d at

614 (citing *Felice v. Sever*, 985 F.2d 1221 (3rd Cir. 1993)); *Bass v. International

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 9

1    *Brotherhood of Boilermakers*, 630 F.2d 1058, 1062-63 (5th Cir. 1980) (holding

2    duty of fair representation "applies only to union conduct arising from the union's

3    position as representative"). Therefore, while a union owes a duty to represent

4    fairly the interest of each employee in the unit in dealings with an employer as the

5    exclusive bargaining representative, this duty does not extend to union decisions

6    that only affect an individual member within the union structure. *See Bass*, 630

7    F.2d at 1062-63.  The Ninth Circuit has broadly construed a union's duty of fair

8    representation within the collective bargaining process, and has found that internal

9    union policies and practices may have a substantial impact upon the external

10   relationships of members of the unit to their employer.  *Retana v. Apartment,*

11   *Motel, Hotel and Elevator Operators Union, Local No. 14, AFL-CIO*, 453 F.2d

12   1018, 1024-25 (9th Cir. 1972).

13        Defendants contend that Plaintiffs fail to state a plausible claim for relief

14   because (1) the basis for their claim relies solely on the termination of an intra-

15   union agreement ("Solidarity Agreement") which was an internal matter that had

16   no effect upon the employees' employment, and (2) the harms alleged only relate

17   to internal union matters instead of issues surrounding negotiation and

18   administration of the collective bargaining agreement.

19   //

20   //

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 10

### A. Basis of Plaintiffs' Claim

The duty of fair representation was created by the courts and "arises independently from the grant under § 9(a) of the NLRA, 29 U.S.C. § 159(a) [], of the union's exclusive power to represent all employees in a particular bargaining unit." *Breininger*, 493 U.S. at 86-87.  It is widely held that a duty of fair representation claim can be asserted independent of any other statutory claim or breach of contract claim against an employer.  *See id.* at 80 (holding union's administration of hiring hall is subject to duty of fair representation even when there is no claim that employer breached the collective bargaining agreement); *see also DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164-65 (1983) (noting that a suit against an employer under § 301 of the Labor Management Relations Act for breach of a collective bargaining act and a duty of fair representation claim are "inextricably interdependent" but not "inseparable").

Defendants argue that Plaintiffs' request that the Court restore "all rights and privileges of the Plaintiffs', including but not limited to rescinding the Defendants' change in policies, including but not limited to revocation of the Solidarity Agreements," indicates that the revocation of the Agreement is the only "change of policy" that is specifically alleged in the complaint.  ECF No. 12 at 11. Therefore, according to the Defendants, the instant claim should be dismissed because the termination of the Solidarity Agreement was solely an internal union matter, and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 11

therefore not subject to the duty of fair representation.  ECF No. 12 at 12.  Further, Defendants contend that, aside from the termination of the Solidarity Agreement and the rights granted under that contract, Plaintiffs failed to sufficiently identify the source of the "laws or rights" upon which they base their claim.  ECF No. 12 at 18-19.

Plaintiffs respond that their complaint specifically rejects any reliance on the Solidarity Agreement; instead, they base their claim on "external laws and rights which exist independently of any Solidarity Agreement."  ECF No. 1 at ¶ 38-39.  Specifically, they claim a breach of the duty of fair representation under federal law.  ECF No. 25 at 19.

The Court recognizes the confusion inherent in Plaintiffs' express disavowal of the Solidarity Agreement, together with their request that the Court rescind the revocation of said Agreement.[4]  The Court accepts as true at this stage of the proceedings that Plaintiff is not relying on the termination of the Solidarity Agreement as a basis for its claim.  A duty of fair representation claim may be alleged independently from any accompanying breach of contract or statutory

---

[4] At oral argument, Plaintiffs acknowledged that this request was made only to ensure restoration of Plaintiffs' positions and rights prior to the revocation of the Solidarity Agreement, not actually to reinstate the solidarity contract.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 12

claim.  *See Breininger*, 493 U.S. at 80.  The Court finds that Plaintiff adequately

identified the judicially created duty of fair representation as the source of the

alleged rights at issue.

The overlapping issue of whether the Plaintiffs state a plausible claim that

the actions taken by the union involved the collective bargaining process, as

opposed to solely internal union matters, is discussed below.

### B. Substantial Impact on Employment Relationship

As the exclusive bargaining representative, the union has a "duty to

represent fairly the interest of each employee in the unit in dealings with the

employer," and therefore union action that "affects only an individual's

relationship within the union structure is not circumscribed by the constraints of

the duty of fair representation."  *See Bass*, 630 F.2d at 1062-1063 (finding no duty

of fair representation when union was not collective bargaining representative for

apprentices, and the union did not interfere between the employees and their

employer).  Here, Defendants argue Plaintiffs fail to state a plausible claim for

relief because the alleged harms were all related to intra-union matters and had no

substantial impact on the Plaintiffs' relationship to their employers.  ECF No. 12

at 13.  The harms alleged by the Plaintiffs that the Defendants identify as intra-

union matters include the alleged: removal of stewards, the denial of UBC

members' choice of a representative, the denial of information, the denial of a

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 13

voice within the Defendant unions (the MTD and HAMTC), and the Defendants' threat of job loss if Plaintiffs fail to join and pay dues to other unions.  ECF No. 12 at 13-18.

In response, Plaintiffs reference allegations in their complaint that detail employment related harms as a result of actions taken by the Defendants, including: job loss, forcing Plaintiffs to pay dues to other unions to keep their jobs, refusing to refer Plaintiffs for work, removing Plaintiff stewards whose job duties included policing agreements with employers, depriving UBC members of representatives of their own choosing, refusing Plaintiffs' requests for information, refusing Plaintiffs' from participating in job-related meetings, denying Plaintiffs' a say in contract negotiations, and instructing employers to refuse to deal with Plaintiffs. See ECF No. 1 at ¶ 2, 4, 29, 41.

Plaintiffs rely on *Retana*, a Ninth Circuit decision in which the court reversed the dismissal of a breach of duty of fair representation claim by Spanish speaking members of a bargaining unit who claimed the union failed to explain their rights to them, failed to provide a copy of the collective bargaining agreement in Spanish, and failed to provide a bilingual liaison between members and the union.  *Id.* at 1023 (noting that these allegations "'concern[ed]' matters related to the negotiation and administration of the collective bargaining agreement").  The court broadly construed an exclusive collective bargaining representative's duty of

fair representation as a "continuous process" that "[a]mong other things, []

involves *day-to-day adjustments in the contract and other working rules,*

*resolution of new problems not covered by existing agreements*, and the protection

of employee rights already secured by contract." *Retana*, 453 F.2d at 1024

(emphasis in original) (citations omitted). Moreover, the Ninth Circuit expressly

rejected a union argument that the complaint only related to internal union

practices and should therefore be dismissed. *Id.* ("the duty of fair representation

'arises out of the union-employee relationship and pervades it'"). It reasoned that

> [a]s a practical matter intra-union conduct could not be wholly excluded
> from the duty of fair representation, for as … the allegations of the present
> complaint suggest, internal union policies and practices may have a
> *substantial impact upon the external relationships of members of the unit to
> their employer*. This does not mean … that the union will be exposed to
> harassing litigation by dissident members over every arguable decision made
> in the course of the day-to-day functioning of the union. Though the duty of
> fair representation is broad, not all union practices have a substantial impact
> upon members' rights in relation to the negotiation and administration of the
> collective bargaining agreement.

*Id.* at 1024-25 (emphasis added).

Thus, the central question before the Court is whether the factual allegations

in the complaint plausibly state a claim that the actions by the Defendants had a

substantial impact on Plaintiffs' relationships with their employers. *See Simo*, 322

F.3d at 614-15; *Retana*, 453 F.2d at 1024-25. The Defendants specifically

challenge several allegations made by the Plaintiffs as failing to plead a plausible

claim for breach of duty of fair representation because the Defendants' actions

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 15

were solely internal matters that had no substantial impact on the Plaintiffs'
employment relationship. The Court will examine each in turn.

### 1. Removal of Stewards

Defendants argue that they had the right to choose their own representatives,
including stewards,[5] and the right for UBC members to choose stewards only
existed under the terms of the Solidarity Agreement.  ECF No. 12 at 14.  They
further assert that the loss of "employment" as a steward was a purely internal
matter, and did not have a substantial impact on the Plaintiffs relationships with
their employers.  ECF No. 12 at 13.

Plaintiffs respond that the harms alleged based on removal of stewards are
for employment related injuries only, including "job loss", not solely on the fact
that they were removed from a position of intra-union leadership.  ECF No. 25 at

---

[5] Defendants cite to authority for the proposition that there is no breach of the duty
of fair representation when a union acts to remove its own agent or representative.
*See Local 254, Service Employees Int'l Union, AFL-CIO*, 332 NLRB 1118, 1122
(2000).  This case is distinguishable because it involves the removal of a
representative under Section 8(b)(1)(A) of the National Labor Relations Act, and
does not make any reference to the duty of fair representation. ECF No. 12 at 15 n.
7.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 16

14.  In their responsive briefing, Plaintiffs also refer to a specific provision in Plaintiff Scott Flannery's collective bargaining agreement with his employer stating that stewards would receive an increase in pay as a result of their position as steward.  ECF No. 25 at 15.  The Supreme Court held that the duty of fair representation is always applicable when an exclusive bargaining representative is "administering the provision of a contract."  *Breininger*, 493 U.S. at 88 (holding the duty of fair representation applies to administration of hiring hall because the power to refer workers through a hiring hall is granted under the terms of the collective bargaining agreement).  This factual assertion would assist the Court in finding a plausible claim of breach of the duty of fair representation when individual Plaintiffs were removed as stewards because the issue involved a specific provision of the collective bargaining agreement, and a reduction in pay could have a substantial impact on the employment relationship.[6]  Nevertheless,

---

[6] In their responsive pleading, Plaintiff also present new factual support for the allegation that these individual's removal as steward had a substantial impact on their employment relationship including "[t]he affected workers' loss of seniority or stewardship status meant they were passed over for work, lost out on pay and benefits, and that the conditions of their employment changed."  ECF No. 25 at 14. Again, this type of specific factual information would assist the Court in finding a plausible claim for relief, yet, the Court may only consider allegations already in

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 17

when determining whether to grant a 12(b)(6) motion to dismiss, the Court may only consider allegations in the complaint itself, and not look to a memorandum in opposition to the motion to dismiss.  *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).

The Court finds that bare allegations in the complaint that the individually named Plaintiffs were removed as stewards, without further factual support as to how it substantially impacted their employment, is not enough for the court to draw a reasonable inference that the Defendants breached their duty of fair representation.  Additionally, Plaintiffs fail to plausibly allege how or why the removal of stewards by Defendants was arbitrary, discriminatory, or in bad faith, as required to prove a breach of the duty of fair representation.

### 2.  Denial of UBC choice of representative

Plaintiffs' complaint alleges that Defendants "intentionally depriv[ed] UBC members of representatives of their own choosing in connection with their employment."  ECF No. 1 at ¶ 29.  Defendants contend that the UBC members of the bargaining unit continue to be represented by MTD and HAMTC as their "duly chosen" collective bargaining representative, and therefore Plaintiffs' relationship

the complaint when ruling on a 12(b)(6) motion to dismiss.  *See Schneider*, 151 F.3d at 1197 n. 1.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 18

with their employer is not impacted.  ECF No. 12 at 15.  Plaintiffs do not address this issue directly in their response to the instant motion.  The Court is left to surmise that Plaintiffs were perhaps referring once again to the removal of stewards, which denied UBC members the opportunity to choose their own representative in matters with their employer.  Ultimately, the necessity for both Defendants and the Court to speculate as to what exactly this allegation refers to highlights the complete lack of factual support for this allegation in Plaintiff's complaint.

### 3.  Alleged Denial of Information

Courts have found a breach of the duty of fair representation when unions failed to provide members with information during the union's administration of the collective bargaining agreement, particularly where the lack of disclosure results in the loss of employment.  *See Robesky v. Qantas Empire Airways Ltd.*, 573 F.2d 1082, 1090 n. 17 (9th Cir. 1978) (under particular facts of the case, failure to inform worker that grievance was withdrawn from arbitration was breach of duty); *see also Retana*, 453 F.2d at 1024-25 (failure to provide Spanish translation of agreement implicated duty of fair representation).

The complaint alleges that the breach of duty of fair representation affected Plaintiffs' employment including "preventing Plaintiffs from receiving information about their jobs, contracts, grievances and/or negotiations."  ECF No. 1 at ¶ 41.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 19

The Defendants argue that Plaintiffs fail to allege specific facts with regard to this alleged refusal to provide information.  ECF No. 12 at 16.  The Court agrees.  This allegation is completely unsupported by specific facts, such as: who was seeking the information and what specific information was requested.

In addition, while courts have found that a union's mishandling of a grievance on behalf of one of its members may breach the duty of fair representation, Plaintiffs' complaint does not allege that any of the UBC members actually had a grievance that was not effectively handled by the HAMTC.[7]  *See Tenorio v. N.L.R.B.*, 680 F.2d 598, 602 (9th Cir. 1982)(holding inadequate investigation of grievance was breach of duty of fair representation). For all of

---

[7] In their opposition to the Motion to Dismiss, Plaintiffs offer new facts, not previously pled in the complaint, that one of the named plaintiffs, Truman Jordan, was "effectively precluded from pursuing the usual workplace grievance procedure to protest unfair treatment." As stated above, the Court may not consider new facts offered by the Plaintiff in responsive pleading when considering a 12(b)(6) motion to dismiss. *See Schneider*, 151 F.3d at 1197 n. 1.  There is no specific factual allegation in the complaint that Mr. Jordan had a specific grievance, or that he invoked a grievance procedure of any kind.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 20

1   these reasons, Plaintiffs' allegations of denial of information do not offer sufficient

2   factual content to support a plausible duty of fair representation claim.

### 4.  Denial of a Voice within the Defendants' unions

4          The complaint alleges that Defendants refused to allow UBC members to

5   have "a say at meetings or on the job concerning contract negotiations, strategies,

6   grievances, disputes and/or other bargaining unit related issues."  ECF No. 1 at ¶

7   29. Defendants contend that when the Solidarity Agreement was terminated, that

8   UBC members, including the Plaintiffs, no longer had the right to participate on

9   internal matters.  ECF No. 12 at 17.  Defendants maintain that as bargaining unit

10  members, UBC members still retained all the protections as members of the

11  bargaining unit when Defendants acted in their capacity as the exclusive

12  bargaining representative with their employers.  *Id.*

13         Plaintiffs respond that they were silenced within the bargaining unit as well

14  by "naming replacement stewards whose interests run counter to the Plaintiffs'"

15  which they claim also "ensur[ed] that Plaintiffs would be unable to grieve adverse

16  employment decisions effectively."  ECF No. 25 at 16.  The complaint does not

17  directly address what the "interests" of the new stewards are or why they run

18  counter to the Plaintiffs', nor does it refer to any specific grievances by any

19  Plaintiffs regarding  employment decisions that have not been "effectively"

20  handled by the Defendants.  Again, these bare allegations are not supported by

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 21

sufficient factual content to support a claim of breach of the duty of fair representation.

### 5.  Other Allegations

Plaintiffs allege that Defendants' conduct includes "forcing Plaintiffs' members to join and pay dues to other unions in order to keep their jobs."  ECF No. 1, ¶ 4.  Defendants contend that this allegation is not enough to show a plausible claim that their conduct substantially impacted Plaintiffs' employment relationships.  ECF No. 12 at 18.  Plaintiffs do not respond to this argument.  The Court agrees that Plaintiffs do not provide the adequate factual content, such as: who made the threats, who received the threats, and what "other unions" they were forced to pay.

Even when taken as a whole, the factual content to support the allegations is not sufficiently developed for the Court to find that the claim for breach of duty of fair representation is plausible on its face.  Accordingly, the Court will grant the motion to dismiss for failure to state a claim.

### III.   Leave to Amend

Even when a complaint fails to state a claim for relief, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by an amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).  The standard for granting leave to amend is generous. See Fed. R. Civ. P. 15(a)(2)

("The court should freely give leave when justice so requires.").  The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

The Court finds no indication of bad faith, undue delay, or prejudice to the opposing party, nor have Plaintiffs previously amended their complaint.  Thus, the only factor left for the Court to weigh is whether an amendment would be futile. Futility is established only if the complaint "could not be saved by any amendment."  *Id*. (internal citations omitted)

The only portion of the complaint that cannot be saved by amendment is UBC's claims on behalf of its members for monetary damages, including punitive damages.  UBC does not have associational standing to make these claims, and they are dismissed with prejudice.  However, at this early stage of the proceeding, the Court can conceive of additional facts that could support a claim for the breach of the duty of fair representation.  *See id*.  Consequently, leave to amend the complaint is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, ECF No. 11, is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 23

2.  The telephonic Scheduling Conference now set for **September 20, 2012, at 9:15 a.m.,** is hereby **STRICKEN** as moot.

3.  Plaintiffs are **GRANTED** leave to file an amended complaint within **thirty (30) days** of the entry of this order.  The amended complaint shall not include claims by UBC on behalf of its members for monetary or punitive damages.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 4th day of September, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND COMPLAINT ~ 24